IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. GRADFORD,

                  Plaintiff,

        v.

DEPUTY FREDDIE,

                  Defendant.

Case No. 1:19-cv-01252-DAD-EPG

**ORDER DENYING REQUEST FOR ENTRY OF DEFAULT**

(ECF No. 20)

Plaintiff, William J. Gradford, is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to42 U.S.C. § 1983. Before the Court is Plaintiff's notice of default. (ECF No. 20.) The Court interprets the notice as a request for entry of default and denies the request.

The Court screened Plaintiff's complaint and found that Plaintiff could proceed on his claim against Defendant Deputy Freddie for violation of the Eighth Amendment based on conditions of confinement. (ECF No. 11.) A request for waiver of service was mailed to Plaitiff on April 17, 2020, and the waiver of service was signed by Defendant and received by the U.S. Marshal's Office on April 27, 2020. (ECF No. 18.) Defendant thus timely returned the waiver of service under Federal Rule of Civil Procedure 4(d)(1)(F) (providing that a defendant must be given at least 30 days after the request for waiver is sent to return the waiver).

 "A defendant who, after being served with process, timely returns a waiver, need not serve an answer to the complaint until 60 days after the request was sent . . . ." Fed. R. Civ. P. 4(d)(3). Thus, the

1

1   deadline for Defendant Freddie to serve an answer is 60 days from April 17, 2020, or June 16, 2020. *See*

2   *id.*; Fed. R. Civ. P. 12(a)(1)(A)(A defendant who has timely waiver service "must serve an answer

3   within 60 days after the request for a waiver was sent.").[1] Because the deadline for Defendant to serve

4   his answer has not yet passed, Plaintiff is not entitled to entry of default. *See* Fed. R. Civ. P. 55(a).

5   Accordingly,

6        IT IS ORDERED that Plaintiff's notice of default, which is interpreted as a request for entry of

7   default (ECF No. 20), is DENIED.

8

9   IT IS SO ORDERED.

10      Dated:   **June 11, 2020**                    /s/ Erica P. Grosjean

11                                                          UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

---

26       [1] The Court notes that the clerk's docket entry states that the waiver was sent to Defendant on April 27, 2020. (*See* ECF No. 18 docket entry). However, the waiver itself states that it was sent to

27   Defendant on April 17, 2020, and was signed and received back by the U.S. Marshal on April 27, 2020. (See ECF No. 18, waiver of service). Thus, the deadline for Defendant to serve an answer is June 16,

28   2020, and not June 26, 2020, as indicated in the clerk's docket entry.