UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY FREDDIE,<br><br>Defendant. | No. 1:19-cv-01252-DAD-EPG<br><br>ORDER DIRECTING THE FILING OF SUPPLEMENTAL BRIEFING AND DOCUMENTATION<br><br>(Doc. No. 46) |

Plaintiff William J. Gradford, is a former state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On March 22, 2021, plaintiff filed a difficult-to-decipher, handwritten motion seeking, on its face, "to dismiss this case and all other cases or motions involved in this 'settlement agreement' on May 7, 2019 with prejudice." (Doc. No. 46.) Defendant did not file a response to that filing. Plaintiff had previously filed a motion to dismiss on September 21, 2020, which the court had allowed plaintiff to withdraw after he had stated that he filed that motion based on his confusion between this case and his other cases pending before this court that had already been settled. (Doc. Nos. 31 at 12, 8; 33.)

/////

////

1

On April 19, 2021, after filing his motion to dismiss this action, plaintiff filed another difficult to decipher document entitled "Order of Electronic Filing (Notice)" in which he states that he has filed a motion to vacate the parties' dismissal and settlement agreement and to reschedule a settlement conference with a reference to another case number and to a docket number 87, a docket numbered document that does not appear on the docket of this case. (Doc. No. 49 at 1.) Plaintiff had also filed a request for reconsideration of the assigned magistrate judge's rulings after the filing of his motion to dismiss this action. (Doc. No. 47.)

The court struggles to understand plaintiff's seemingly contradictory requests. This court had previously determined that the parties' May 7, 2019 settlement agreement constituted a valid, clear, and unambiguous waiver of plaintiff's legal claims, but it is unclear to the undersigned whether this case is a part of that same settlement. *See Gradford v. Stanislaus Pub. Safety Ctr.*, No. 1:17-cv-01248-DAD-GSA (PC), Order Adopting Findings and Recommendations (Mar. 23, 2021) (Doc. No. 63). While plaintiff has referred to this case as being part of the settlement agreement in another action he was prosecuting before this court (*see, e.g.*, *Gradford v. Guiltron*, No. 1:18-cv-01364-DAD-GSA (PC), Pl.'s Resp. to Def's Opp. to Req. to Vacate Dismissal, at 5 (Doc. No. 44)), the court notes that this action was filed on September 9, 2019, and the release of claims plaintiff has attached to his filing is dated May 7, 2019. (Doc. No. 46 at 3–5.)

Accordingly, defendant is directed to file supplemental briefing and documentation addressing whether it is defendant's contention that this case should be dismissed pursuant to the terms of the May 7, 2019 settlement agreement and, if so, explaining why. Defendant's response to plaintiff's filings must be filed within fourteen (14) days from the date of service of this order.

IT IS SO ORDERED.

Dated: **April 22, 2021**

UNITED STATES DISTRICT JUDGE