UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPUTY FREDDIE,<br><br>　　　　　Defendant. | No. 1:19-cv-01252-DAD-EPG<br><br>ORDER GRANTING VOLUNTARY DISMISSAL AND CLOSING CASE<br><br>(Doc. Nos. 46, 47, 56, 63, 65, 67) |

Plaintiff William J. Gradford, is a former state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**RELEVANT BACKGROUND**

On March 22, 2021, plaintiff filed a difficult-to-decipher, handwritten motion seeking, on its face, "to dismiss this case and all other cases or motions involved in this 'settlement agreement' on May 7, 2019 with prejudice." (Doc. No. 46.) Defendant did not file a response to that filing. Plaintiff had previously filed a motion to dismiss on September 21, 2020, which the court had allowed plaintiff to withdraw after he had stated that he filed that motion based on his confusion between this case and his other cases pending before this court that had already been settled. (Doc. Nos. 31 at 12, 8; 33.) On April 19, 2021, after filing his motion to dismiss this action, plaintiff filed another difficult-to-decipher document entitled "Order of Electronic Filing (Notice)" in which he states that he has filed a motion to vacate the parties' dismissal and

1

settlement agreement and to reschedule a settlement conference with a reference to another case number and to a docket number 87, a docket numbered document that does not appear on the docket of this case. (Doc. No. 49 at 1.)

The court struggled to understand plaintiff's seemingly contradictory requests.[1] Thus, on April 22, 2021, the undersigned directed defendant Freddie to file supplemental briefing and documentation addressing whether it is defendant's contention that this case should be dismissed pursuant to the terms of the May 7, 2019 settlement agreement and, if so, to explain why within fourteen (14) days from the date of service of that order. (Doc. No. 50.) On April 28, 2021, counsel on behalf of defendant Freddie filed a statement of non-opposition to plaintiff's March 22, 2021 motion for voluntary dismissal and a response to the court's April 22, 2021 order. (Doc. Nos. 51, 52.)

On April 30, 2021, plaintiff filed a motion seeking to extend all "dispositive" and necessary deadlines in this case purportedly so that he would be able to collect and re-file unspecified documents and evidence.[2] (Doc. No. 53.) On May 4, 2021, the court construed plaintiff's motion as a request to file a reply in support of his pending motion to dismiss and directing plaintiff to file any such reply by May 17, 2021. (Doc. No. 59.) On May 13, 2021, plaintiff filed a reply brief. (Doc. No. 64.)

## DISCUSSION

Defendant asserts that the May 7, 2019 settlement agreement included the claims giving rise to this action. (Doc. No. 52 at 1.) Defendant states the May 7, 2019 settlement agreement

---

[1] Plaintiff has also filed several other motions, which are now pending before this court. On April 16, 2021, plaintiff filed a request for reconsideration, which consisted of a single sentence, seemingly seeking to challenge all of the assigned magistrate judge's rulings after the filing of plaintiff's motion to dismiss this action and wherein plaintiff neither identified which rulings he sought to have reconsidered nor provided any basis why this court should do so. (Doc. No. 47.) On May 3 and June 1, 2021, plaintiff filed additional difficult-to-decipher motions, an "amended schedule," and a notice. (Doc. Nos. 56, 57, 63, 65, 67.) Also on May 3, 2021, plaintiff filed a notice of *in forma pauperis* status (Doc. No. 58), and then on May 17, 2021, filed a motion to proceed *in forma pauperis* (Doc. No. 65), a status which had previously been granted to plaintiff in this case on December 5, 2019 (Doc. No. 10).

[2] This motion was denied by the magistrate judge on May 3, 2021. (Doc. No. 55.)

2

included a release of "all claims, demands, actions and causes of action, known or unknown, which plaintiff might have against the County of Stanislaus." (*Id*.) This language appears in the release plaintiff signed, which is attached to defendant's response. (*Id*. at 3–6.) Plaintiff's claims in this action relate to the alleged conditions of the showers at the Stanislaus County Jail between April and August 2017 (Doc. No. 1 at 3), which are claims that defendant contends clearly would have been known to plaintiff at the time he signed the settlement agreement and signed release form on May 7, 2019. (Doc. No. 52 at 1.)

In his reply, plaintiff acknowledges that he did sign the May 7, 2019 settlement agreement and signed release form but he asserts he was "uneducated in law" and asks the court to "re-examine all of his records, files, and cases, and deny *Defendant's*[3] motion to dismiss and reschedule a settlement conference." (Doc. No. 64 at 1–2)(emphasis added). Therein he argues that the copy of the May 7, 2019 settlement agreement and release form provided by counsel for the defendant did not contain all the relevant pages, and plaintiff includes an additional copy of the May 7, 2019 settlement agreement and release form. (*Id*. at 2, 4–7.)

In his supplementary briefing, plaintiff does not contend that this case was not covered by the May 7, 2019 settlement agreement and signed release form. Neither does plaintiff argue that any of the allegedly missing pages of the documents submitted to this court suggest this action was not settled as part of the parties' agreement in 2019.[4] Because the claims giving rise to this action arose in 2017, the court finds that they would have been known to plaintiff at the time of the signing on May 7, 2019 of the settlement agreement and release form. The court previously determined that plaintiff's settlement and signed release form constituted a valid, clear, and unambiguous waiver of plaintiff's legal claims. *See Gradford v. Stanislaus Pub. Safety Ctr.*, No. 1:17-cv-01248-DAD-GSA (PC), Order Adopting Findings and Recommendations (Mar. 23, 2021) (Doc. No. 63). Accordingly, the court will construe plaintiff's motion to dismiss (Doc. No. 46) as a request for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) will

---

[3] The pending motion to dismiss, however, has been brought by plaintiff himself.

[4] The court reviewed all the copies of the May 7, 2019 settlement agreement and signed release form provided, and they appear to be identical. (*Cf*. Doc. Nos. 46 at 3–4; 55 at 3–6; 64 at 4–7.)

3

dismiss this action pursuant to the terms of the parties' May 2019 settlement and signed release form, which constituted a valid, clear, and unambiguous waiver of plaintiff's legal claims brought in this action.

## PLAINTIFF'S OTHER PENDING MOTIONS

Because the court will dismiss this action pursuant to the terms of the parties' settlement and signed release form, plaintiff's request for reconsideration (Doc. No. 47), motion requesting items be disclosed (Doc. No. 56), motion for miscellaneous relief (Doc. No. 63), motion to proceed *in forma pauperis* (Doc. No. 65), and motion for extension of time (Doc. No. 67) are rendered moot and will not be addressed.

Accordingly,

1. Plaintiff's request for voluntary dismissal (Doc. No. 46) is granted;
2. This action is dismissed pursuant to the terms of the parties' settlement and signed release form, which constituted a valid, clear, and unambiguous waiver of plaintiff's legal claims brought in this action;
3. All of plaintiff's pending motions (Doc. Nos. 47, 56, 63, 65, 67) are denied as having been rendered moot; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 4, 2021**

_____
UNITED STATES DISTRICT JUDGE