| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY FREDDIE,<br><br>Defendant. | No. 1:19-cv-01252-DAD-EPG (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 69, 70, 71, 72, 73) |

Plaintiff William J. Gradford, is a former state prisoner appeared *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

This action was closed on June 4, 2021 pursuant to plaintiff's request for voluntary dismissal (Doc. No. 46) and pursuant to the terms of the parties' settlement and signed release form, which the court concluded constituted a valid, clear, and unambiguous waiver of plaintiff's legal claims brought in this action. (Doc. No. 68.) On June 21, 2021, plaintiff filed several difficult-to-decipher documents on the docket including a document styled as objections to the assigned magistrate judge's findings and recommendations dismissing this action. (Doc. No. 71.) The court construes this filing as a motion for reconsideration under Federal Rule of Civil Procedure 60 of the order dismissing this case.

/////

/////

1

# PLAINTIFF'S MOTION FOR RECONSIDERATION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Plaintiff's motion does not identify any basis under Rule 60 upon which this court should reconsider its order dismissing this action. The court carefully reviewed the parties' settlement and signed release form as well as considered supplemental briefing before concluding that the settlement and signed release form constituted a valid, clear, and unambiguous waiver of

plaintiff's legal claims brought in this action.  (Doc. Nos. 50, 51, 52, 53, 59, 64.)  Here, plaintiff has not set forth facts or law providing a basis upon which the court could reverse its prior decision.  Therefore, plaintiff's motion for reconsideration (Doc. No. 71) is denied.

## PLAINTIFF'S OTHER PENDING MOTIONS

Because the court will dismiss this action pursuant to the terms of the parties' settlement and signed release form, plaintiff's other requests (Doc. Nos. 69, 70, 72, 73) are rendered moot and will not be addressed.

## CONCLUSION

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 71) is denied;
2. Plaintiff's other pending requests (Doc. Nos. 69, 70, 72, 73) are denied as having been rendered moot and will not be addressed;
3. The court will not consider any further motions or issue any further orders in this case; and
4. This case is to remain closed.

IT IS SO ORDERED.

Dated: **June 24, 2021**

UNITED STATES DISTRICT JUDGE